IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Brian Anthony Aspinall, | ) | Case No. 8:24-cv-05312-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bureau of Prisons, Colette Peters, Merrick Garland, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's pro se Complaint and motion for temporary restraining order ("TRO"). ECF Nos. 1, 4. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On October 30, 2024, the Magistrate Judge issued a Report recommending that this action be dismissed without issuance of service of process and without leave to amend and further recommending that the motion for TRO be denied. ECF No. 18. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report. ECF No. 21.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As noted by the Magistrate Judge, and confirmed in Plaintiff's objections, Plaintiff is seeking injunctive relief in this action, and Plaintiff specifically states that he is not actively pursuing his complaint.  ECF Nos. 18 at 1; 21 at 10.  Nevertheless, out of an abundance of caution for a pro se party, the Court has construed the original complaint form, the second complaint form, and the statement of claim as the complaint in this matter and has considered the allegations made in Plaintiff's motion for TRO in evaluating this case.  The Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  Because Plaintiff filed objections, the Court's review has been de novo.

First, as noted by the Magistrate Judge, it is unclear who Plaintiff intends to name as a Defendant in this matter or what specific claims he brings.  Generally, he contends he is bringing claims pursuant to the Americans with Disabilities Act ("ADA") and the

Rehabilitation Act ("RA"). The Magistrate Judge explains in more detail that the United States is excluded from the ADA; accordingly, the RA provides the exclusive judicial remedy for claims based upon a federal employee's disability. As Plaintiff was employed by the Bureau of Prisons ("BOP"), this exemption applies in this case. Moreover, the BOP is the only proper Defendant to a RA claim. Accordingly, Plaintiff's ADA claim is subject to summary dismissal.

Turning to Plaintiff's RA claim against the BOP, the Magistrate Judge recommends summary dismissal because Plaintiff fails to allege facts sufficient to satisfy Section 504 of the RA. The Magistrate Judge further determined that Plaintiff failed to exhaust his administrative remedies. The Magistrate Judge also liberally construed First Amendment and due process violation claims pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). He determined these claims were subject to summary dismissal. Finally, the Magistrate Judge recommends that Plaintiff's motion for TRO be denied.

Plaintiff objects. First, he argues that exhaustion would be futile because, inter alia, "the BOP appears demonstrably unable to follow the rules, the EEOC has not enforcement authority per statute, therefore, relying on the [Equal Employment Opportunity Commission ("EEOC")], which is a toothless tiger at this point, to enforce rules that the BOP knows it has a duty to follow is utterly futile." ECF No. 21 at 2. He further contends that he should not be required to exhaust his administrative remedies pursuant to *Darby v. Cisneros*, 509 U.S. 137 (1993).

"A federal employee seeking to file an action based on the Rehabilitation Act must first exhaust his administrative remedies promulgated pursuant to Title VII and set forth in EEOC regulations." *Emmert v. Runyon*, 178 F.3d 1283 (4th Cir. 1999); *see* 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.407.  Here, it is undisputed that Plaintiff has not exhausted his administrative remedies.  Plaintiff has not pointed to any authority for his position that he is not required to exhaust his administrative remedies.  He contends that the process is useless but such allegations without more are insufficient for this Court to conclude that exhaustion of administrative remedies is futile.  Moreover, the *Darby* case cited by Plaintiff concerns exhaustion under the Administrative Procedure Act.  Accordingly, these objections are overruled.  Plaintiff's RA claim is dismissed for failure to exhaust administrative remedies.

With respect to any Fifth Amendment claim, Plaintiff asserts that his Due Process rights were violated by the BOP's "stonewall[ing]."  ECF No. 21 at 5.  As explained in more detail by the Magistrate Judge, the facts in this case present a new *Bivens* context where special factors counsel against extending *Bivens* to the claims presented here. *See Mays v. Smith*, 70 F.4th 198, 206 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 1008 (2024) ("Accordingly, because Mays's claims would expand Bivens to a "new context" and because there are "special factors" counseling against our doing so, his Fifth Amendment-based claims are not cognizable.").  Therefore, Plaintiff's objections are overruled, and this claim is dismissed.

As to his First Amendment claim, Plaintiff states that he "was not given adequate time to properly draw up this complaint and [he], therefore, asked the court for more time

4

to properly complete the complaint."  ECF No. 21 at 5.  Later in his objections, Plaintiff requests leave to amend to add certain facts against some of the Defendants.  *Id.* at 9–10.  He alleges discovery violations and BOP policy violations.

To the extent Plaintiff asserts that he has not been given adequate time to complete the complaint form, he did not move for an extension of the deadline given by the Magistrate Judge.  Further, Plaintiff's allegations of discovery and BOP policy violations do not state a plausible claim that his constitutional rights have been violated.  Accordingly, any request to amend is denied as futile.  To the extent Plaintiff intends to pursue a First Amendment claim, a First Amendment claim has not been recognized under *Bivens*.  *See, e.g., Egbert v. Boule*, 596 U.S. 482 (2022).  Accordingly, these objections are overruled, and Plaintiff's First Amendment claims are dismissed.

Turning to Plaintiff's motion for a TRO, he contends that "the likelihood of success on the merits is undisputable and bulletproof."  ECF No. 21 at 6.  He asserts that denial of medical care satisfies the irreparable harm prong of the *Winter*[1] test, that the balance of equities leans in his favor because he is "fighting against multiple defendants, one of which is an attorney that is deliberately not providing discovery," and that there is a public interest in "not allow[ing] a bar certified attorney . . . to deliberately misdirect discovery, refuse to provide discovery documents, and deliberately interfere in the questioning of a

---

[1] A plaintiff seeking a preliminary injunction or TRO must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

respondent under oath." *Id.* at 6–7. He contends that the EEOC can bring a motion for injunctive relief; however, because they are too busy to do so, he should be permitted to so move. *Id.* at 8–9.

Here, for the reasons stated above and in the Report, Plaintiff has failed to demonstrate a likelihood of success on the merits. Accordingly, Plaintiff's objections are overruled, and the motion for TRO is denied.

To the extent Plaintiff seeks mandamus relief related to discovery, *see* ECF No. 21 at 10–11, that request is denied. The Mandamus and Venue Act grants federal district courts "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The writ of mandamus is intended to provide a remedy for a petitioner "only if he has exhausted all other avenues of relief and only if the [respondent] owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Mandamus is an "extraordinary remedy" and should only be issued if there is a "clear abuse of discretion" or "usurpation of the judicial power." *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 308-09 (1989). The elements Petitioner must demonstrate are:

> (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

*U.S. ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511 (4th Cir. 1999) (citing *Kerr v. U. S. Dist. Ct. for N. Dist. of California*, 426 U.S. 394, 403 (1976); *In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988)).  Here, Plaintiff is able to pursue discovery in his ongoing EEOC proceeding.  Accordingly, this request is denied.

## CONCLUSION

Therefore, upon review the Court agrees with the recommendation of the Magistrate Judge.  This action is **DISMISSED** without issuance and service of process and without leave to amend.  Plaintiff's motion for TRO [4] is **DENIED**.

IT IS SO ORDERED.

                                                                                       s/ Donald C. Coggins, Jr.
                                                                                       United States District Judge

March 26, 2025
Spartanburg, South Carolina